**ZU QIN CHEN, a.k.a Zhu–Gan Chen, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

**No. 07–5473–ag.**

United States Court of Appeals, Second Circuit.

June 23, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Zu Qin Chen, a native and citizen of the People's Republic of China, seeks review of a November 13, 2007 order of the BIA denying his motion to reopen. *In re Zu Qin Chen,* No. A72 781 313 (B.I.A. Nov. 13, 2007). We assume the

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Chen's untimely motion to reopen or in finding him ineligible to file a successive asylum application.

Chen argues that the BIA erred by relying on its precedential decisions to conclude in summary fashion that he failed to demonstrate a material change in country conditions sufficient to excuse the time limitation for filing his motion to reopen. However, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish materially changed country conditions. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Similarly, the BIA's determination that Chen was ineligible to file a successive asylum application was not in error. *See*

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former